UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGONAFER SHIFERAW,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 18-cv-06830-SBA   (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 106 |

Agonafer Shiferaw ("Plaintiff") brings this action against the City and County of San Francisco ("the City") and various individuals ("Individual Defendants")[1] alleging that he was denied an equal opportunity to own and operate the Fillmore Heritage Center ("the Center") in San Francisco.  This matter has been referred to the undersigned magistrate judge for the purposes of discovery.  (Dkt. No. 68.)  Now pending before the Court is the parties' joint letter brief regarding Plaintiff's request to take the deposition of the City's mayor, London Breed ("Mayor Breed").  (Dkt. No. 106.)  Having considered the parties' filings, the Court GRANTS the Plaintiff's request for an order compelling the deposition of Mayor Breed subject to the limitations described below.

**DISCUSSION**

Plaintiff claims that the City's Request for Proposals ("RFP") bidding process for the Center was nothing more than a "sham" intended to steer the Center to Mayor Breed's political allies and supporters.  *See* (Dkt. No. 106 at 7.)[2]  In 2017, when the City cancelled the RFP bidding

---

[1] The Individual Defendants are Mayor London Breed ("Mayor Breed"); Rev. Amos Brown ("Rev. Brown"); Joaquin Torres ("Torres"), Director of the Mayor's Office of Workforce and Economic Development; Naomi Kelly ("Kelly"), the City Administrator; and San Francisco Supervisor Vallie Brown ("Supervisor Brown").
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

process, Mayor Breed was then the President of the Board of Supervisors.  (*Id.* at 5.)  Plaintiff alleges that she used this position to personally involve herself in the fate of the Center—before, during, and after the RFP process.  (*Id.* at 7.)  Both parties agree that Mayor Breed is a high-level official whose testimony invokes the "apex" deposition doctrine.  (*Id.* at 3–4, 8.)

## Legal Standard

The Court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  The Supreme Court recognized the need to limit the number of subpoenas served on high-ranking government officials in *United States v. Morgan*.  313 U.S. 409, 421-22 (1941).  Following *Morgan*, courts have developed limits on deposing individuals that are at the "apex" of government, holding that these depositions may be barred under Rule 26(c) when the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  *Andrich v. Dusek*, No. CV-17-00173-TUC-RM, 2019 WL 2775472, at *2 (D. Ariz. July 2, 2019) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)).  In particular, the Ninth Circuit has ruled that "[h]eads of government agencies are not normally subject to deposition." *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (internal citation and quotation marks omitted).  This rule applies to mayors.  *Harmston v. City & Cty. of San Francisco*, No. C 07-01186SI, 2007 WL 3306526, at *1 (N.D. Cal. Nov. 6, 2007), *order clarified*, No. C07-01186SI, 2008 WL 269465 (N.D. Cal. Jan. 29, 2008).

Nonetheless, "[a] party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied."  *Apple Inc.*, 282 F.R.D. at 263 (citations omitted).  "When determining whether to allow an apex deposition, courts often consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (citations omitted).  But, there is "no absolute requirement that a party exhaust all alternative, 'less burdensome' means of discovery before proceeding with the deposition of a high ranking government official."  *Eng v. City of Los Angeles*, No. CV 05-2686 MMM, 2007 WL 9729101 at *9 (C.D. Cal. Apr. 5, 2007).  Moreover, a claimed lack of knowledge or the fact that an apex

2

witness has a busy schedule are not bases for denying otherwise proper discovery. *In re Google Litig.*, 2011 WL 4985279, at *2 (citations omitted).

## Analysis

The City has not met its burden of showing that extraordinary circumstances warrant an order precluding Mayor Breed's deposition.

First, Plaintiff has demonstrated a likelihood that Mayor Breed has unique first-hand, non-repetitive knowledge of relevant facts. Prior to the RFP bidding process, Plaintiff agreed to buy the Center from Michael Johnson for 6.5 million dollars, and their letter of intent was delivered to then-Supervisor Breed. (Dkt. No. 92 at ¶ 71); *see* (Dkt. No. 92-4, Exhibit D.) Plaintiff also met with Mayor Breed and Defendants Torres and Brown to discuss the future of the Center. (*Id.* at ¶ 74.) After the RFP bidding process began, Mayor Breed told a luncheon at the Marriott Hotel that she would make the final decision regarding the fate of the Center. (*Id.* at ¶ 92.) Mayor Breed also used her personal e-mail address to offer a tour of the Center to Dr. Bates. (Dkt. No. 106-5, Exhibit E.) A number of witnesses may be able to testify about the RFP process and the City's decision to sell the Center, but Plaintiff is entitled to inquire whether Mayor Breed had a particular, personal role in the sale of the Center and, if so, what is was. *See Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *3 (N.D. Cal. June 30, 2015). Therefore, Mayor Breed may have unique, non-repetitive knowledge about the RFP process and how the fate of the Center was determined.

Second, Plaintiff's failure to propound interrogatories on Mayor Breed or engage in "less intrusive" means of discovery does not mean that Mayor Breed's deposition should not be taken. Plaintiff is not seeking to depose Mayor Breed regarding facts that are immaterial to the present case. *Cf. Harmston*, 2007 WL 3306526, at *2. Likewise, Plaintiff is not seeking Mayor Breed's deposition for matters about which she lacks personal knowledge. *Cf. Kyle Eng'g Co.*, 600 F.2d at 231. Plaintiff's allegations regarding Mayor Breed's role in the decision to sell the Center are not well-suited for written interrogatories, and "when a witness has personal knowledge of facts relevant to the lawsuit, even a [mayor] is subject to deposition." *In re Google Litig.*, 2011 WL 4985279, at *2 (citations omitted).

In sum, this is not a case where a high-level official has little or no knowledge of the issues. To the contrary, Plaintiff has made a plausible showing that Mayor Breed may have first-hand knowledge of relevant matters as a percipient witness. Mayor Breed's busy schedule and claimed lack of knowledge are not a sufficient basis for denying her deposition; the pressing needs of her job, however, are a basis for accommodating her schedule. Accordingly, the deposition shall not exceed three hours, must be taken remotely, and, at the Mayor's discretion may be taken in the evening or on a weekend.

This Order disposes of Docket No. 106.

**IT IS SO ORDERED.**

Dated:

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge