DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
THOMAS S. LAKRITZ, State Bar #161234
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3963
Facsimile:    (415) 554-3837
E-Mail:       tom.lakritz@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

ENDORSED
FILED
Superior Court of California
County of San Francisco

AUG 16 2018

CLERK OF THE COURT
BY: _____BOWMAN LIU_____
                        Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL E. JOHNSON; FILLMORE DEVELOPMENT COMMERCIAL, LLC; EM JOHNSON INTEREST, INC.; URBAN CORE DEVELOPMENT, LLC; and DOE ONE through DOE TWENTY, inclusive,<br><br>Defendants. | Case No. **CGC-18-568954**<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>Type of Case: (06) Breach of Contract<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CITY AND COUNTY OF SAN FRANCISCO ("CITY") complains and alleges as follows against Defendants MICHAEL E. JOHNSON ("JOHNSON"); FILLMORE DEVELOPMENT COMMERCIAL, LLC ("FDC"); EM JOHNSON INTEREST, INC. ("EJI"); and URBAN CORE DEVELOPMENT, LLC ("UCD"):

///

///

1

## INTRODUCTION

1. Plaintiff CITY brings this action against JOHNSON, FDC, EJI, and UCD to recover more than $5.5 million that FDC borrowed from CITY, through the San Francisco Mayor's Office of Community Development ("MOCD"). As part of the loan, EJI, FDC's managing member, executed a loan agreement and promissory note on behalf of FDC. EJI also executed a guaranty in the amount of $5.5 million as a condition precedent to FDC's loan. JOHNSON created UCD to "rebrand" EJI's activities. JOHNSON is the sole owner and manager of FDC, EJI, and UCD. FDC and EJI failed to repay the CITY all amounts due under the loan agreement, promissory note, and guaranty, and continue to fail to repay the CITY. Accordingly, the CITY seeks repayment of the funds loaned to FDC and guaranteed by EJI, all remedies available under the loan agreement, promissory note, and guaranty, plus accrued interest and penalties, and all other relief allowed by law.

## PARTIES

2. Plaintiff CITY AND COUNTY OF SAN FRANCISCO is a municipal corporation organized and existing under and by virtue of the laws of the State of California. The CITY, acting through MOCD, borrowed $5.5 million from the U.S. Department of Housing and Urban Development ("HUD") in the form of a securitized Section 108 loan, which was backed by the CITY's federal Community Development Block Grant ("CDBG"). MOCD used these funds to loan to FDC.

3. Defendant MICHAEL E. JOHNSON is an individual and at all times alleged in this complaint a resident of Alameda County, California. According to records maintained by the California Secretary of State's Office, JOHNSON is the sole owner and manager of FDC, EJI, and UCD.

4. Defendant FILLMORE DEVELOPMENT COMMERCIAL, LLC, at all times alleged in this complaint was a limited liability company organized under the laws of the State of California with its principal place of business in San Francisco County, California. According to records maintained by the California Secretary of State's Office, sometime after 2012, FDC's authority to operate was suspended for the failure to file the required Statement of Information with the Secretary of State's Office or the failure to meet Franchise Tax Board requirements.

///

2
COMPLAINT FOR BREACH OF CONTRACT/ CASE NO.                           n:\lit\li2018\180503\01293101.docx

5. Defendant EM JOHNSON INTEREST, INC., at all times alleged in this complaint was a California Corporation organized under the laws of the State of California with its principal place of business in San Francisco County or Alameda County, California.

6. Defendant URBAN CORE DEVELOPMENT, LLC, at all times alleged in this complaint was a limited liability company organized under the laws of the State of California with its principal place of business in Alameda County, California.

7. Defendant MICHAEL E. JOHNSON is an individual, at all relevant times alleged in this complaint, was a shareholder and/or member of and dominated, controlled, managed and operated Defendant entities including, but not limited to, FDC, EJI, and UCD, to such an extent that, at all times mentioned in this complaint, there existed a unity of interest and ownership between JOHNSON and FDC, EJI, and UCD. JOHNSON, therefore, was the alter-ego of FDC, EJI, and UCD, and any individuality or separateness of FDC, EJI, and UCD and JOHNSON have ceased. At all times mentioned in this complaint, JOHNSON committed acts establishing his alter ego liability, including, but not limited to the following: the use of Defendant entities as a mere shell, instrumentality, or conduit for a single venture or for his individual business; the disregard of legal formalities and the failure to maintain arms-length relationships with the Defendant entities; and the sole ownership of each Defendant entity. As the alter ego of the Defendant entities, JOHNSON orchestrated, ratified, and was otherwise involved in the conduct described in this complaint. Thus, adherence to the fiction of a separate existence of these Defendants as entities separate and distinct from JOHNSON would permit an abuse of the LLC and corporate privileges, and would promote injustice by allowing JOHNSON to evade liability or veil assets that should in equity be used to satisfy the loan agreement, promissory note, and guaranty, accrued interest, penalties, interest, and attorney's fees and costs.

8. CITY is not aware of the true names and capacities of Defendants sued herein as DOES ONE through TWENTY, inclusive, and therefore sues these defendants by such fictitious names. Each fictitiously named defendant is responsible in some manner for the unlawful and unfair conduct alleged. CITY will seek leave of court to amend this complaint to allege their true names and capacities when that information is ascertained.

///

3

9. At all times herein mentioned, each Defendant was an agent, servant, employee, partner, franchisee, and/or joint venturer of each other Defendant, and at all times was acting within the course and scope of said agency, service, employment, partnership, franchise, and/or joint venture.

10. Actions taken, or omissions made, by Defendants' employees or agents in the course of their employment or agency are considered to be actions or omissions of Defendants for the purposes of this first amended complaint.

11. Whenever reference is made in this first amended complaint to any act or omission of "Defendants" such allegation shall mean that each Defendant did or authorized or permitted the act or omission, or recklessly and carelessly failed to supervise, control, or direct other persons who engaged in the act or omission.

## JURISDICTION AND VENUE

12. Jurisdiction is proper in the Superior Court for the County of San Francisco pursuant to Code of Civil Procedure section 410.10 because the court has general subject matter jurisdiction and no statutory exception exceptions to jurisdiction exist. The amount in controversy exceeds the jurisdictional minimum of this court.

13. Venue is proper in the Superior Court for the County of San Francisco pursuant to Code of Civil Procedure sections 393 and 395.5 because defendants JOHNSON, FDC, EJI, and UCD transact business within the City and County of San Francisco, and because the loan agreement, promissory note, and guaranty were made and to be performed within the City and County of San Francisco.

## FACTUAL ALLEGATIONS

14. Upon information and belief, in or about 2004, JOHNSON approached Yoshi's Japanese Restaurant, Inc. (YOSHI'S) about expanding its existing business in San Francisco as part of the Fillmore Street redevelopment project, known as the Fillmore Heritage Center, in which JOHNSON was involved as the developer and partner ("PROJECT"). The PROJECT was a public-private mixed use development located within the historic Fillmore Jazz Preservation District in San Francisco. An important part of the PROJECT was bringing YOSHI'S to San Francisco.

15. As part of the PROJECT, MOCD lent FDC $5.5 million, which was guaranteed by EJI.

16. On or about August 29, 2005, CITY and FDC entered into a loan agreement ("LOAN AGREEMENT"). The proceeds from the LOAN AGREEMENT were to be used to construct the commercial space of the PROJECT. To do this, MOCD borrowed $5.5 million from HUD in the form of a securitized Section 108 loan, which was backed by the CITY's federal CDBG. A true and correct copy of the LOAN AGREEMENT is attached as Exhibit A and incorporated into this complaint.

17. On or about August 29, 2005, CITY and FDC executed a promissory note with future interest rate adjustment ("PROMISSORY NOTE"). A true and correct copy of the PROMISSORY NOTE is attached as Exhibit B and incorporated into this complaint.

18. On or about August 29, 2005, CITY and EJI executed a guaranty ("GUARANTY"). Under the GUARANTY, EJI unconditionally guaranteed to CITY the full payment and performance of all then present and future obligations of FDC under the LOAN AGREEMENT and PROMISSORY NOTE. A true and correct copy of the GUARANTY is attached as Exhibit C and incorporated into this complaint.

19. JOHNSON executed the LOAN AGREEMENT, PROMISSORY NOTE, and GUARANTY on behalf of FDC and EJI.

20. CITY fully performed all conditions, covenants, and promises to be performed on the part of the CITY under the LOAN AGREEMENT, PROMISSORY NOTE, and GUARANTY.

21. FDC, EJI, and JOHNSON failed to make all payments and perform all obligations under the LOAN AGREEMENT, PROMISSORY NOTE, and GUARANTY.

22. On December 8, 2010, CITY agreed to a work-out plan, which included amending the LOAN AGREEMENT. On December 8, 2010, CITY and FDC executed the FIRST AMENDMENT TO LOAN AGREEMENT and PROMISSORY NOTE. A true and correct copy of the FIRST AMENDMENT TO LOAN AGREEMENT and PROMISSORY NOTE is attached as Exhibit D and incorporated into this complaint.

23. JOHNSON executed the FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE on behalf of FDC and EJI.

///

///

24. CITY fully performed all conditions, covenants, and promises to be performed on the part of the CITY under the FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE.

25. FDC, EJI, and JOHNSON failed to make all payments and perform all obligations under the FIRST AMENDMENT TO LOAN AGREEMENT, PROMISSORY NOTE, and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE.

26. On February 20, 2015, the Mayor's Office of Housing and Community Development ("MOHCD") sent JOHNSON, FDC, and UCD a notice of default of the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY, and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE. The February 20, 2015 Notice of Default demanded payment of all outstanding amounts, accrued interest, and fees. A true and correct copy of the February 20, 2015 Notice of Default is attached as Exhibit E and incorporated into this complaint.

27. FDC, EJI, and JOHNSON failed to cure the February 20, 2015 Notice of Default.

28. On October 21, 2015, MOHCD sent JOHNSON a letter demanding that EJI, pursuant to the GUARANTY, pay all outstanding amounts, accrued interest, and fees due under the LOAN AGREEMENT, PROMISSORY NOTE, and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE. A true and correct copy of the October 21, 2015 Letter is attached as Exhibit F and incorporated into this complaint.

29. FDC, EJI, and JOHNSON failed to pay all outstanding amounts, accrued interest, and fees due under the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**AGAINST ALL DEFENDANTS**

30. Plaintiff CITY incorporates by reference paragraphs 1 through 29, inclusive, against all DEFENDANTS and makes them a part of this cause of action, as though fully set forth herein.

31. CITY fully performed all conditions, covenants, and promises to be performed on the part of the CITY under the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE.

6

32. FDC, EJI, and JOHNSON failed to make all payments and perform all obligations under the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE.

33. FDC and EJI breached the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE by failing to make timely payments and by failing to pay all outstanding amounts, accrued interest, and fees upon demand.

34. Although CITY has demanded that JOHNSON, FDC, EJI, and UCD perform all obligations under the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE, Defendants JOHNSON, FDC, EJI, and UCD failed and refused, and continue to failed and refuse to take any steps necessary to fully and completely make timely payments pay all outstanding amounts, accrued interest, and fees.

35. As noted above, JOHNSON is the alter-ego of FDC, EJI, and UCD.

36. CITY has been damaged in an amount to be proven at trial as a result of JOHNSON FDC, EJI, and UCD's breach of the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE.

37. CITY's damages are ongoing and increasing due to JOHNSON FDC, EJI, and UCD's breach of the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF CITY prays that:

1. Defendants JOHNSON, FDC, EJI, and UCD, and each of them, be ordered to pay to the City all amounts due under the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY and FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE;

2. Defendants JOHNSON, FDC, EJI, and UCD, and each of them, be ordered to pay compensatory damages in an amount to be determined at trial;

3. Defendants JOHNSON, FDC, EJI, and UCD, and each of them, be ordered to pay prejudgment interest, as allowed by law;

4. Defendants JOHNSON, FDC, EJI, and UCD, and each of them, be ordered to pay the CITY's reasonable attorney's fees and costs, including expert witness fees, incurred in bringing this civil action, pursuant to the LOAN AGREEMENT, PROMISSORY NOTE, GUARANTY, FIRST AMENDMENT TO LOAN AGREEMENT AND PROMISSORY NOTE, and as allowed by applicable law;

5. Defendants JOHNSON, FDC, EJI, and UCD, and each of them, be ordered to pay the costs of suit; and

6. Other and further relief be ordered as this Court should find just and proper.

**JURY TRIAL DEMANDED**

Plaintiff CITY demands a jury trial on all triable issues.

Dated: August 16, 2018

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
THOMAS S. LAKRITZ
Deputy City Attorney

By: /s/ Thomas S. Lakritz
THOMAS S. LAKRITZ

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO