CITY AND COUNTY OF SAN FRANCISCO

OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

THOMAS S. LAKRITZ
Deputy City Attorney

Direct Dial: (415) 554-3963
Email: tom.lakritz@sfcityatty.org

May 12, 2020

**Via Email and U.S. Mail**

Ben Rosenfeld
115 1/2 Bartlett Street
San Francisco, CA 94110

Re: *Agonafer Shiferaw dba Fillmore Entertainment Complex/Republic of Fillmore LLC. v. City and County of San Francisco, et al., Case No:* 18-CV-6830

Dear Ben:

I write in response to your "corrected" letter dated April 29. 2020, in which you take issue with the individual defendants' response to your third set of requests for production of documents. This letter addresses each of the issues raised in your letter.

*First*, your letter takes issue with defendants' failure to produce a privilege log. As I have previously informed you, the City has previously produced all responsive documents and *not withheld any documents based on a privilege*. Importantly, the City has produced many document subject to the Court's protective order. Your third set of document requests to the individuals are very broad and cover many of the same categories of documents already produced by the City. To the extent that the third set of document requests call for the production of additional documents, the individual defendants have been hampered by the COVID-19 pandemic in collecting and producing additional documents, if any exist. As you know, each individual defendants' responses stated:

> On March 16, 2020, the Health Officer of the City and County of San Francisco issued an order directing all individuals living in the County to shelter at their place of residence except for certain essential services. On March 20, 2020, California Governor Gavin Newson issued Executive Order N-33-20, imposing similar restrictions state-wide for an indefinite period of time. On March 31, 2020, the Health Officer of the City and County of San Francisco extended the shelter in place order until May 3, 2020. Violation of the Health Officer's Shelter in Place order is a misdemeanor punishable by fine, imprisonment, or both. California Health and Safety Code § 120295 et seq.; Calif. Pen. C. §§ 69, 148(a)(1). San Francisco Admin. C. § 7.17(b). The City's essential government workers, including some of the individual defendants in this case, are working tirelessly to reduce the risks to the public of this unprecedented pandemic.

> In recognition of the Health Office of the City and County of San Francisco's order, on March 16, 2020, San Francisco City Attorney Dennis Herrera directed the City Attorney's Office to be staffed only with employees performing essential government services. Some other employees were asked to work remotely to the extent possible, including

FOX PLAZA · 1390 MARKET STREET, 6TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-3837

N:\LIT\LI2019\190726\01329782.docx

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Ben Rosenfeld
Page 2
May 12, 2020

>counsel of record in this case.  While the City is making efforts to work at the highest possible level in light of the current circumstances, telecommuting has introduced some novel limitations, including the lack of adequate paralegal support, the inability to access video and audio files remotely, and the inability to effectively produce such files in discovery.  Department staff from whom counsel would obtain information and documents are either non-essential or must prioritize needs related to the ongoing health crisis.  .

>Counsel and other staff members at the City Attorney's office continue to search for effective ways to manage discovery in this unusual time, and to the extent they are able to overcome these limitations, they will work with Plaintiff's counsel to address discovery needs.  Of course there may be other unanticipated challenges that arise in the course of litigation, which the parties will endeavor to resolve without involving the Court.

The City Attorney's Office continues to work with our clients and client departments on all litigation to collect and produce documents as soon as practicable.  I should have additional information this week if additional documents are responsive to your third set of document requests.  If we determine additional documents are responsive, the will be produced.  If any responsive documents are withheld based on a privilege, a privilege log will be produced.

*Second*, your letter takes issue with the individual defendants limiting their responses to the request for proposal process.  The individual defendants' responses speak for themselves.  Your letter also argues:

>However, plaintiff's complaint, and his RFPD, plainly encompass a broader inquiry than defendants' conduct with respect to the RFP alone.  For instance, plaintiff alleges graft and a pay to play scheme that goes both to defendants' prejudice toward plaintiff and favoritism toward cronies and supporters in how defendants' have both sought to and succeeded in awarding control of the FHC, including before and since the RFP process.

How are the allegations of "graft and a pay to play scheme" related to any cause of action in the second amended complaint?  Which causes of action are these allegations related to?  Similarly, how is the City's use of the Fillmore Heritage Center *since deciding to not proceed with the project and cancel the RFP* related to your client's claims against any of the defendants?

*Third*, you take issue with the individual invocation of the deliberative process privilege.  In your letter, your cite to a number cases for the following propositions:  (1) the deliberative process privilege does not apply when "a plaintiff's causes of action turns on the government's intent" and (2) "If either the Constitution or statute makes the nature of governmental officials' deliberation the issue, the privilege is a nonsequitur."  But both of these quotes highlight a key issue:  the documents sought are related to the government's decision at issue.  Thus, if the documents are unrelated to the government's decision, the documents remain protected by the privilege and are not discoverable. While the deliberative process privilege might yield in certain circumstances where the government's subjective intent is at issue, there still must be a nexus established between the challenged decision and the documents sought. See, e.g., *McPeek v. Ashcroft*, 202 F.R.D. 332, 335 (2001).[1]  Here, many of the documents sought had nothing to do with the City's decision to not proceed with the project and cancel the RFP.  Thus, such information remains covered by the deliberative process privilege.  As I have stated previously,

---

[1] Please see my September 3, 2019 letter for more information on this subject.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Ben Rosenfeld
Page 3
May 12, 2020

to date defendants have not withheld any documents based on this or any other privilege.  If any documents are withheld in the future, defendants will provide a privilege log.

None of the documents requested in 9-14, 27, 32, 36-37, 41-42, and 44-45 are related to the request for proposal process or Mr. Shiferaw's attempt to purchase or use the Fillmore Heritage Center.  Requests 9-13 relate to the use of the Fillmore Heritage Center *after the decision reject all proposals and cancel the request for proposal*.  Moreover, the use of the Fillmore Heritage Center has been temporary and does not preclude a different use of the Fillmore Heritage Center in the future.

Requests 14, 27, and 36-37 relate to Michael Johnson who did not submit a proposal to purchase the Fillmore Heritage Center.  Moreover, Mr. Johnson lost possession of the Fillmore Heritage Center *under his lease with OCII* (not the City) in 2015, well before the City issued the request for proposal for the Fillmore Heritage Center in 2017.

Requests 41 and 42 relate to a shooting that occurred that the Fillmore Heritage Center in March 2019.  Again, a March 2019 shooting has nothing to do with Mr. Shiferaw's attempt to purchase or use the Fillmore Heritage Center in 2017 or 2015.

With respect to Request 32, I will ask the individual defendants look to see if any responsive documents exist.

Finally, you claim, without citation, that "the deliberative process privilege plainly does not apply to plaintiff's numerous requests for communications between defendants and third parties." Again, you are wrong. The deliberative process privilege applies to "deliberations comprising part of a process by which governmental decisions and policies are formulate." *NLRB v. Sears, Roebuck & Co*., 421 U.S. 132, 150 (1975).  Thus, the privilege covers all information from any source used in the deliberations and decision-making process.  Defendants have found no case excluding certain material from the privilege as your letter suggests. Once again, I ask if you have a citation to suppport your argument, I would be happy to review the case(s).

I hope this information is helpful.  I look forward to talking with you this morning.

        Very truly yours,

        DENNIS J. HERRERA
        City Attorney

        *s/ Thomas S. Lakritz*

        THOMAS S. LAKRITZ
        Deputy City Attorney