DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Attorney
THOMAS S. LAKRITZ, State Bar #161234
RYAN C. STEVENS, State Bar #306409
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3963 (Lakritz)
Telephone:    (415) 554-3975 (Stevens)
Facsimile:     (415) 554-3837
E-Mail:         tom.lakritz@sfcityatty.org
E-Mail:         ryan.stevens@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
LONDON BREED, AMOS BROWN,
JOAQUIN TORRES, VALLIE BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGONAFER SHIFERAW dba FILLMORE ENTERTAINMENT COMPLEX/REPUBLIC OF FILLMORE LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; Mayor LONDON BREED, an individual, in both her personal and official capacities; Reverend AMOS BROWN, an individual, in both his personal and capacities; Director of the Mayor's Office of Economic and Workforce Development JOAQUIN TORRES, an individual, in both his personal and official capacities; City Administrator NAOMI KELLY, an individual, both in personal and official capacities; Former as District 5 Supervisor VALLIE BROWN, an individual, in both her personal and official capacities; DOEs 1-100,<br><br>    Defendants. | Case No. 18-CV-6830-SBA<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Trial Date:           July 26, 2021 |

REPLY TO MSJ
CASE NO. 18-CV-6830-SBA

n:\lit\li2019\190726\01530328.docx

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

ARGUMENT .................................................................................................................................. 1

    I.    PLAINTIFF FAILED TO OBJECT TO DEFENDANTS' UNDISPUTED FACTS ............................................................................................................................. 1

    II.    DEFENDANTS' UNDISPUTED FACTS ESTABLISH THAT PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED .................................... 2

        A.    The Individual Defendants Did Not Violate Plaintiff's Right to Equal Protection. ............................................................................................................... 2

            1.    Defendants' undisputed facts establish that the Individual Defendants did not act out of animus against Plaintiff. ................... 2

            2.    Plaintiff failed to introduce any admissible evidence supporting his theories. ................................................................................... 2

            3.    Plaintiff's attempt to raise a "class of one" equal protection claim is improper and fails on the merits. ................................................ 5

        B.    The Individual Defendants Did Not Retaliate Against Plaintiff. ................. 6

            1.    The Individual Defendants did not retaliate against Plaintiff. ......... 6

            2.    The Individual Defendants are entitled to qualified immunity. ........ 8

        C.    The Individual Defendants Did Not Conspire To Violate Plaintiff's Constitutional Rights. ...................................................................................... 10

        D.    The City Is Not Liable Under *Monell*. ......................................................... 11

    III.    PLAINTIFF FAILED TO ESTABLISH A VIOLATION OF STATE LAW ....... 12

        A.    Plaintiff's Section 526a Cause Of Action Fails As A Matter Of Law ....... 12

        B.    Defendants' Undisputed Facts Establish That Plaintiff's Fraud, Misrepresentation, and Deceit Claim Fails. ................................................ 13

            1.    The City is not a proper defendant ................................................... 13

            2.    The Individual Defendants Did Not Commit Fraud, Misrepresentation, or Deceit. .......................................................... 13

            3.    Plaintiff cannot seek monetary damages against the Individual Defendants. ......................................................................................... 14

        C.    Defendants' Undisputed Facts Establish That Plaintiff's Conspiracy Claim Fails. ........................................................................................................ 14

    IV.    THE COURT SHOULD STRIKE PLAINTIFF'S DECLARATIONS ................. 14

CONCLUSION ............................................................................................................................. 15

# TABLE OF AUTHORITIES

**State Cases**

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*
   7 Cal. 4th 503 (1994) ...................................................................................................14

**State Statutes & Codes**

California Civil Code § 1572 ...........................................................................................13

California Civil Code § 1709 ...........................................................................................13

California Civil Code § 1710 ...........................................................................................13

California Code of Civil Procedure § 526a......................................................................12

California Government Code § 822.2 ..............................................................................14

**Federal Cases**

*Alpha Energy Savers, Inc. v. Hansen*
   381 F.3d 917 (9th Cir. 2004) ..........................................................................................8

*AlterG, Inc. v. Boost Treadmills LLC*
   388 F. Supp. 3d 1133 (N.D. Cal. 2019) .......................................................................14

*Bank Melli Iran v. Pahlavi*
   58 F.3d 1406 (9th Cir. 1995) ........................................................................................15

*Barren v. Harrington*
   152 F.3d 1193 (9th Cir. 1998) ........................................................................................2

*Beard v. Banks*
   548 U.S. 521 (2006)........................................................................................................1

*Board of County Commissioners v. Umbehr*
   517 U.S. 668 (1996)........................................................................................................9

*Coleman v. Quaker Oats Co.*
   232 F.3d 1271 (9th Cir.2000) ...............................................................................5, 6, 10

*Engquist v. Oregon Dep't of Agric.*
   553 U.S. 591 (2008)........................................................................................................6

*Fuller v. City of Oakland*
   47 F.3d 1522 (9th Cir. 1995) ........................................................................................12

*Gerhart v. Lake Cnty, Mont.*
   637 F.3d 1013 (9th Cir. 2011) ........................................................................................6

*Inouye v. Kemna*
   504 F.3d 705 (9th Cir. 2007) ..........................................................................................9

*Intl. Fran. Ass'n, Inc. v. City of Seattle*
    803 F.3d 389 (9th Cir. 2015) .................................................................................5

*Jackson v. Barnes*
    749 F.3d 755 (9th Cir. 2014) .................................................................................3

*Jackson v. Fed. Express*
    766 F.3d 189 (2d Cir. 2014) .............................................................1, 7, 11, 13

*Keenan v. Allan*
    91 F.3d 1275 (9th Cir.1996) ..................................................................................2

*Kennedy v. Allied Mut. Ins. Co.*
    952 F.2d 262 (9th Cir. 1991) .................................................................................9

*Larez v. City of Los Angeles*
    946 F.2d 630 (9th Cir. 1991) ...............................................................................11

*Life Insurance Co. of North America v. Reichardt*
    591 F.2d 499 (9th Cir. 1979) ...............................................................................10

*Monell v. Dep't of Soc. Servs. of City of New York*
    436 U.S. 658 (1978) ............................................................................................11

*Mt. Healthy City Sch. Bd. of Educ. v. Doyle*
    429 U.S. 274 (1977) ........................................................................................6, 8

*Navajo Nation v. United States Forest Serv.*
    535 F.3d 1058 (9th Cir. 2008) .......................................................................5, 10

*Olsen v. Idaho State Bd. of Med.*
    363 F.3d 916 (9th Cir. 2004) ...............................................................................10

*Ommid v. Liberty Mut. Ins. Co.*
    2018 WL 6191392 (S.D. Cal. Nov. 27, 2018) .....................................................14

*P. Gulf Ship. Co. v. Vigorous Ship. & Trading S.A.*
    992 F.3d 893 (9th Cir. 2021) .................................................................................1

*Serrano v. Francis*
    345 F.3d 1071 (9th Cir. 2003) ...............................................................................2

*Towery v. Brewer*
    672 F.3d 650 (9th Cir. 2012) .................................................................................6

*Village of Willowbrook v. Olech*
    528 U.S. 562 (2000) ..............................................................................................5

*Washington v. Davis*
    426 U.S. 229 (1976) ..............................................................................................2

**San Francisco Statutes, Codes & Ordinances**
San Francisco Administrative Code § 23.30..........................................................................12, 13

**Rules**
Civil Local Rule 7.3(a) ...............................................................................................................1

Federal Rule of Civil Procedure 56(c)(2) ..................................................................................1

Federal Rule of Civil Procedure 56(c)(4) ................................................................................14

Federal Rule of Civil Procedure 56(e) ..................................................................................1, 2

Federal Rule of Civil Procedure 56(e)(2) ..................................................................................1

Federal Rule of Civil Procedure 56(e)(3) ..................................................................................1

REPLY TO MSJ
CASE NO.  18-CV-6830-SBA                                    iv                          n:\lit\li2019\190726\01530328.docx

Defendants respectfully submit this reply brief in support of their motion for summary judgment.

## ARGUMENT

### I. PLAINTIFF FAILED TO OBJECT TO DEFENDANTS' UNDISPUTED FACTS

Plaintiff failed to object to Defendants' facts and evidence in his opposition. Pursuant to Federal Rule of Civil Procedure 56(c)(2), Plaintiff was required to challenge Defendants' facts by objecting to Defendants' evidence. Civil Local Rule 7.3(a) required Plaintiff to include "[a]ny evidentiary and procedural objections to [Defendants' motion for summary judgment] … in his brief or memorandum" in opposition of Defendants' motion. Plaintiff's opposition filed on April 28, 2021, did not contain objections to Defendants' evidence. Thus, Plaintiff has waived his objections to Defendants' evidence. *See*, *e.g.*, *Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) (When a non-moving party opposes summary judgment with respect to some claims, but not others, "a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.").

Because Plaintiff failed to dispute Defendants' evidence, as required by Federal Rule of Civil Procedure 56(c)(2), Defendants' facts should be considered undisputed for purposes of this motion for summary judgment. *See* Fed. R. Civ. P. 56(e)(2); *see*, *e.g.*, *P. Gulf Ship. Co. v. Vigorous Ship. & Trading S.A.*, 992 F.3d 893, 900 (9th Cir. 2021) (deeming facts undisputed when non-moving party fails to object or dispute). Accordingly, this Court should grant Defendants' motion for summary judgment, because, as set forth below, the undisputed facts establish that Defendants are entitled to judgment on each of Plaintiff's causes of action. *See* Fed. R. Civ. P. 56(e)(3); *see also Beard v. Banks*, 548 U.S. 521, 527 (2006) (decided under former Rule).

As set forth in Defendants' opening papers, the undisputed facts are: Plaintiff's RFP Proposal did not provide the required documentation that he had the available cash or had secured financing for the $6,500,000 purchase price. Torres Decl., ¶ 14. Plaintiff conceded this during his deposition. Lakritz Decl., ¶ 7, Exh. F (97:17-98:3). Because he did not meet the minimum threshold requirements of the RFP, Plaintiff was simply not eligible for selection. Moreover, the RFP Review Panel scored Plaintiff's proposal as the least viable of all five proposals. Torres Decl., ¶ 18, Exh. D. Finally, the

RFP Review Panel, not any of the Individual Defendants acting alone, decided not to select any of the proposals because each proposal failed to establish the (1) capacity to meet the minimum financial requirements of the RFP for a viable commercial enterprise, and (2) ability to provide the significant community benefits required by the RFP. A. Brown Decl., ¶ 6; Dieter Decl., ¶ 6; Joseph Decl., ¶ 6; Lee Decl., ¶ 6; Lediju Decl., ¶ 6; Looper Decl., ¶ 6; Suess Decl., ¶ 6; Swig Decl., ¶ 6.

## II. DEFENDANTS' UNDISPUTED FACTS ESTABLISH THAT PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED

### A. The Individual Defendants Did Not Violate Plaintiff's Right to Equal Protection.

#### 1. Defendants' undisputed facts establish that the Individual Defendants did not act out of animus against Plaintiff.

Plaintiff ignores Defendants' undisputed facts, as noted above, establishing that Plaintiff's RFP proposal was not selected for legitimate reasons unrelated to any alleged animus against Plaintiff based on his race, ethnicity, Ethiopian origin and/or immigrant status.

Accordingly, because there was a legitimate, non-discriminatory reason for not selecting Plaintiff's RFP Proposal (and not selecting any of the RFP Proposals) and because there is no evidence that the Individual Defendants made any other decision regarding Plaintiff based on his race, ethnicity, Ethiopian origin and/or immigrant status, Plaintiff's fourth cause of action for "denial of equal protection based on race, ethnicity, and national origin" fails. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Washington v. Davis*, 426 U.S. 229, 239–40 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081–82 (9th Cir. 2003).

#### 2. Plaintiff failed to introduce any admissible evidence supporting his theories.

Once the Individual Defendants met their initial burden in their motion for summary judgment, Plaintiff was required to go beyond the pleadings and produce his own evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed .R. Civ. P. 56(e). In order to make this showing, Plaintiff must "identify with reasonable particularity the evidence that precludes summary judgment." *See Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir.1996). Plaintiff failed to do so. Thus, Plaintiff has failed to create a triable issue of fact that any of the Individual Defendants violated his right to equal protection.

Rather than discuss Defendants' arguments or dispute Defendants' facts, Plaintiff asserts random events that he contends shows that certain individuals discriminated against him based on his race, ethnicity, Ethiopian origin and/or immigrant status. Opposition at 22. But none of these "facts" establish that the Individual Defendants discriminated against Plaintiff. Nor do these facts dispute that the RFP Review Panel and the City had legitimate, non-discriminatory reasons for all of its actions.

First, Plaintiff claims he "speaks English with accent" compared other people. Opposition at 22. Whether or not Plaintiff "speaks English with accent," Plaintiff fails to explain how his alleged accent is material to Defendants' undisputed facts: The RFP Review Panel reviewed and evaluated of each proposal and the determined that none of the proposals, including Plaintiff's, satisfied the requirements of the RFP. Importantly, Plaintiff failed to identify how any of the Individual Defendants took any action based on the claim that Plaintiff "speaks English with accent" compared other people.

Second, Plaintiff claims that "defendants' refus[ed] to respond to plaintiff's several proposals to purchase and/or reactivate the Center." Opposition at 22. Again, Plaintiff fails to explain how this is material to Defendants' motion and undisputed facts. To the extent that Plaintiff claims that Individual Defendants improperly rejected his proposal to purchase the Fillmore Heritage Center in 2015, Plaintiff failed to produce any evidence establishing that any of the Individual Defendants knew about his 2015 proposal, or rejected it. Defendants' undisputed facts establish that the decision in 2015 rested with the Office of Community Investment and Infrastructure ("OCII"), not the City or any of the Individual Defendants. Under Section 18.1 of the Ground Lease between the Former Agency and the previous master tenant, OCII, not the City, had the authority to approve such an agreement. Morales Decl., ¶ 8, Exh. A at 50-51(Section 18.1). Thus, neither the City nor any Individual Defendant had a role to play in OCII's review of Plaintiff's alleged 2015 agreement with Michael Johnson.[1] To the extent that Plaintiff argues that defendants refused to respond to his 2015 plan, he cites to his own

---

[1] In any event, Plaintiff's claim is time barred. OCII terminated the Ground Lease on June 5, 2015. Morales Decl., ¶ 12; McCloskey Decl., ¶ 17. Plaintiff had until June 5, 2017, to file a Section 1983 action arising out of the decision. See *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014) (stating that the statute of limitations for Section 1983 claims in California is two years). Plaintiff filed his original complaint on November 9, 2018. ECF No. 1.

declaration. Opposition at 22; Shiferaw Declaration, ¶¶ 7-10. But nothing in those paragraphs of Plaintiff's declaration establish that the Individual Defendants refused to respond to his 2015 plan.

Plaintiff also claims that that he expressed an interest in reactivating the Fillmore Heritage Center in 2018 and that he expressed his interest to the San Francisco African American Chamber of Commerce. Opposition at 22; Shiferaw Decl., ¶ 36. But Paragraph 36 to Plaintiff's declaration contains no evidence about that the Individual Defendants refused to consider Plaintiff's reactivation plan in 2018.

Third, Plaintiff alleges that Defendant Breed[2] made comments at a rally in January 2018 somehow demonstrates discrimination. Opposition at 22. Again, Plaintiff fails to explain how this is material to Defendants' motion and the undisputed facts. Moreover, Plaintiff fails to explain how comments made by Ms. Breed in *January 2018*, had anything to do with the RFP process that ended on *November 2, 2017* (or Plaintiff's alleged attempt to purchase the Fillmore Heritage Center from the previous tenant in 2015). Importantly, Plaintiff has not established that Mayor Breed, any other Individual Defendant, or the City took any action with respect to Plaintiff after January 2018. As Defendants' undisputed evidence establishes, Mayor Breed did not play a role in the RFP Review Panel or the decision not to proceed with project.

Finally, Plaintiff alleges that "Breed's and Rev. Brown's fail[ed] to publicly condemn the NCLF protestors who disrupted plaintiff's political forum for Breed's rival mayoral candidates." Opposition at 22. Again, Plaintiff fails to explain how this is material to Defendants' motion and the undisputed facts. Moreover, Plaintiff fails to explain how comments made by member of the public on *May 12, 2018* (Shiferaw Decl., ¶ 42) have anything to do with the RFP process that ended on *November 2, 2017* (or Plaintiff's alleged attempt to purchase the Fillmore Heritage Center from the previous tenant in 2015). Importantly, even if one could reasonably find that negative comments directed at political rivals of Mayor Breed at a political event demonstrated animus towards Plaintiff, such comments are "of little value in determining the motivations of the" Mayor Breed, Rev Brown, or

---

[2] Depending on when the rally occurred, Ms. Breed could have been the Acting Mayor or the President of the Board of Supervisors. Ms. Breed did not become Acting Mayor until December 12, 2017, and only served in that capacity until January 23, 2018. *See* Defendants' RJN, Exhs. A-D.

any other defendant. *See Intl. Fran. Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 407, fn. 10 (9th Cir. 2015). Such comments "do[] not indicate that [Mayor Breed, Rev Brown, or any other defendant] engaged in the type of invidious discrimination." *See id*.

### 3. Plaintiff's attempt to raise a "class of one" equal protection claim is improper and fails on the merits.

Plaintiff, for the first time, asserts a "class of one" equal protection claim. Opposition at 19-21. But Plaintiff did not include a "class of one" equal protection cause of action in his the Third Amended Complaint (TAC"). ECF No. 92. Plaintiff contends for the first time that "plaintiff was similarly situated with respect to other parties vying to purchase and control the center." Opposition at 20. Plaintiff's attempt to raise a new theory in his opposition to Defendants' motion for summary judgment is improper. It is well-settled in the Ninth Circuit that a plaintiff cannot raise a new theory for the first time in opposition to summary judgment. *See Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1292–93 (9th Cir.2000) (plaintiff could not proceed with new theory not pled in complaint); *see also Navajo Nation v. United States Forest Serv.,* 535 F.3d 1058, 1080 (9th Cir. 2008) (it is well-settled that parties generally cannot assert unpled theories for the first time at the summary judgment stage). Having not pled a "class of one" equal protection claim in his TAC, Plaintiff cannot do so for the first time in his opposition. *See Coleman*, 232 F.3d at 1292–93.

To the extent that Plaintiff alleges that his "class of one" equal protection claim" is part of his fourth cause of action, he is wrong as a matter of law. As set forth in his TAC, Plaintiff makes clear that his equal protection claim is premised on class-based discrimination – based on his race, ethnicity, Ethiopian origin and/or immigrant status. TAC, ¶¶ 178, 179. The U.S. Supreme Court has held that a "class of one" equal protection claim is substantively different from a class-based discrimination claim. In *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam), the Supreme Court held that an equal protection claim can in some circumstances be sustained *even if the plaintiff has not alleged class-based discrimination*, but instead claims that he has been irrationally singled out as a so-called "class of one." (Emphasis added.) Because Plaintiff's equal protection cause of action in his TAC is expressly premised on class-based discrimination – based on his race, ethnicity, Ethiopian

origin and/or immigrant status – Plaintiff cannot now switch gears to allege a "class of one" equal protection theory. *See Coleman*, 232 F.3d at 1292–93.

Even if this Court were to allow Plaintiff to proceed on his new theory, it fails.[3] To establish a "class of one" cause of action, Plaintiff must show he was (1) intentionally (2) treated differently from others similarly situated, (3) without rational basis. *Gerhart v. Lake Cnty, Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011). Plaintiff failed to produce any evidence in his opposition establishing each of these elements. Instead, Plaintiff alleges that "defendants gave lesser consideration to plaintiff's RFP proposal compared to that of his competitors." Opposition at 20. Plaintiff, however, submitted no admissible evidence to support this allegation. Instead, Plaintiff cited to two statements made on information and belief, which are not admissible to oppose a motion for summary judgment. Even if the Court were to consider Plaintiff's inadmissible statements, they do not establish that the any of the Individual Defendants did anything to single out Plaintiff for different treatment. Finally, all of the cases cited by Plaintiff (Opposition at 19-20) are "class of one" cases where a governmental entity imposed different substantive requirements on one individual, than substantive requirements imposed on everyone else. Here, the RFP Review Panel imposed the same requirements on all RFP Proposal and evaluated each RFP Proposal on the same substantive criteria. A. Brown Decl., ¶ 6; Dieter Decl., ¶ 6; Joseph Decl., ¶ 6; Lee Decl., ¶ 6; Lediju Decl., ¶ 6; Looper Decl., ¶ 6; Suess Decl., ¶ 6; Swig Decl., ¶ 6. Plaintiff did not (and cannot) dispute these facts.

### B. The Individual Defendants Did Not Retaliate Against Plaintiff.

#### 1. The Individual Defendants did not retaliate against Plaintiff.

As this Court has previously noted, a plaintiff may assert a § 1983 claim for retaliation by state actors for exercising his or her First Amendment rights. *See Mt. Healthy City Sch. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). Here, Plaintiff alleges in his TAC that "[i]n giving preferential

---

[3] Plaintiff has not established whether a "class of one" equal protection claim applies to this case. The Supreme Court and the Ninth Circuit have ruled that such a claim does not apply to forms of state action that "by their nature involve discretionary decision-making based on a vast array of subjective, individualized assessments." *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (quoting *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008)). Here, the RFP Review Pane exercised discretionary decision-making authority based on individual assessment of each RFP proposal and how well each RFP proposal responded to the RFP requirements and needs of the community.

treatment to [his] competitors and rejecting [his] RFP bid, defendants, and each of them, were substantially motivated by [his] exercise of his protected rights to free expression and to petition the government for redress of grievances." TAC, ¶ 186.

As noted above, in their motion for summary judgment, the Individual Defendants' undisputed facts establish that none of the Individual Defendants retaliated against Plaintiff for exercising his First Amendment rights. Moreover, none of the Individual Defendants acted alone to reject Plaintiff's RFP proposal. Plaintiff did not dispute any of this evidence in his opposition. Moreover, Plaintiff did not address any of Defendants' arguments related to the conduct of the RFP Review Panel and the RFP Panel's decision not to select any of the RFP Proposals because they all failed to establish compliance with the RFP requirements. Thus, Plaintiff has waived these claims. *See*, *e.g.*, *Jackson v. Fed. Express*, 766 F.3d at 196.

Plaintiff contends that:

> Plaintiff's evidence shows that defendant abruptly and arbitrarily cancelled the RFP, and thereby also denied his proposal and caused him to squander $25,000 on a sham and dead end process—and then turned a deaf ear on plaintiff's reactivation proposal—in retaliation against him for blowing the whistle on defendants' malfeasance, and hosting a political event for Def. Breed's rival mayoral candidates. … The close temporal proximity and Shiferaw's whistleblowing letters, and the City's cancellation of the RFP, alone constitute sufficient circumstantial evidence of retaliation.

Opposition at 22-23.

To support this allegation, Plaintiff cited Exhibits 19, 30, 35, 36, and Plaintiff's Declaration Paragraphs 41-42. But none of these exhibits or statements support Plaintiff's allegation that any of the Individual Defendants retaliated against him. In fact, none of the allegations indicate that any of the Individual Defendants took any action related to Plaintiff's RFP proposal or his desire to acquire the Fillmore Heritage Center.

Exhibit 19 is a letter from an attorney, Whitney Leigh, to Deputy City Attorney Heidi J. Gewertz dated October 6, 2017. To the extent that Mr. Leigh's letter is admissible, it does not mention Mr. Shiferaw, nor does it mention Plaintiff's RFP Proposal. More importantly, there is no evidence that any of the Individual Defendants or any member of the RFP Review Panel new about the existence of Mr. Leigh's October 6, 2017 letter.

Exhibit 30 are videos regarding a rally that occurred in January 2018, and Defendant London Breed attended. As noted above, Plaintiff fails to explain how comments made by Ms. Breed in January 2018, had anything to do with the RFP process that ended on November 2, 2017. How could anyone cancel the RFP in November 2017, based on events that have not yet happened?

Exhibits 35 and 36 and Paragraph 41-42 of Plaintiff's declaration deal with a political event that occurred in May 2018. Plaintiff fails to explain how comments made by member of the public on May 12, 2018 (Shiferaw Decl., ¶ 42) have anything to do with the RFP process that ended on November 2, 2017. Plaintiff also fails how one can impute the comments (and, allegedly, the animus) of members of public against Ms. Breed or any other of the Individual Defendants.

Accordingly, Plaintiff's retaliation claim fails because the Individual Defendants had a non-discriminatory basis for not selecting any of the RFP proposals, including Plaintiff's, and for deciding not to award the RFP to any applicant. *See*, e.g., *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004).

## 2. The Individual Defendants are entitled to qualified immunity.

First, Plaintiff argues that the Individual Defendants waived their qualified immunity argument because it was raised "late in the case" and in a "perfunctory manner." Both arguments fail. The Individual Defendants properly raised their qualified immunity as the second affirmative defense in the Answer to Third Amended Complaint and Jury Demand (ECF No. 93): "Defendants allege that the actions complained of are protected by the doctrine of qualified immunity, absolute immunity and/or the common law immunities protecting public officials." As a made clear in Defendants' motion, the qualified immunity argument was bolstered by this Court's previous ruling that whether "an unsuccessful or 'disappointed' bidder on a government contract [has] standing to bring a First Amendment retaliation claim" remains an open question. Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, ECF No. 64 at 14. Neither of the cases cited by Plaintiff discuss whether the defendants had included qualified immunity as an affirmative defense in their answers or whether the court had found that the constitutional right in question had not been recognized by the Court of Appeal or the Supreme Court.

Second, Plaintiff argues that a right "may be clearly establish even if there is no case directly on point" if "in light of pre-existing law the unlawfulness in apparent." Opposition at 24 (quoting *Inouye v. Kemna*, 504 F.3d 705, 715 (9th Cir. 2007)). Plaintiff, however, ignores the fact that there is no pre-existing law saying that "an unsuccessful or 'disappointed' bidder on a government contract [has] standing to bring a First Amendment retaliation claim." The Supreme Court has noted that there is not pre-existing law on this area of law. *See Board of County Commissioners v. Umbehr*, 517 U.S. 668, 685 (1996). And this Court has noted that there is no pre-existing law on this area of law in the Ninth Circuit. ECF No. 64 at 14.

Finally, Plaintiff argues that this Court stated that *Umbehr* "did not foreclose, but rather left open, the question of whether bidders for future government contracts are similarly protected." Opposition at 24. Plaintiff then states that "although it may not have been made clear to the Court at the time of defendants' 12(b)(6), plaintiff did have a preexisting commercial relationship with Defendant CCSF, based on his participation in the Fillmore Jazz District tenant improvement loan." Opposition at 24. Plaintiff cited to Paragraph 30 of his declaration, which states: "*As of September 8, 2017, I had secured financing, and I have always made timely loan repayments in accordance with his agreement with the City.*" Shiferaw Decl., ¶ 30 (emphasis added). The Court should reject Plaintiff's self-serving declaration because it contradicts his sworn deposition testimony. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). During his deposition, he testified that he received a loan from the San Francisco Redevelopment Agency, not the City and County of San Francisco:

> Q. So what I understood you to say was that you received a loan from the Redevelopment Agency. Is that correct?
> A. A tenant improvement loan, partial loan.
> Q. And that was for the Rasselas on Fillmore?
> A. Yes.

Lakritz Decl., ¶ 7, Exh. F (25:1-7). Plaintiff's loan was from the San Francisco Redevelopment Agency. Thus, Plaintiff did not have a pre-existing commercial relationship with the City sufficient to create First Amendment protections under *Umbehr*.

### C. The Individual Defendants Did Not Conspire To Violate Plaintiff's Constitutional Rights.

In order to establish a conspiracy cause of action a plaintiff must establish (a) a violation of a protected right, and (b) an invidiously discriminatory class-based animus motivating the violation. *Life Insurance Co. of North America v. Reichardt*, 591 F.2d 499, 502–03 (9th Cir. 1979). Importantly, "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004).

In his TAC, Plaintiff alleges that the factual basis for his civil conspiracy under Section 1983 is that the "[Individual] Defendants agreed, whether explicitly or through a tacit meeting of the minds, *to deprive plaintiff of fair and unbiased consideration of his RFP proposal*, each defendant playing his/her part and acting intentionally in furtherance of this conspiracy, by engaging in the acts and omissions afore-described." TAC, ¶ 192 (emphasis added).

Plaintiff's conspiracy claim fails primarily because, as noted above, he has not demonstrated (and cannot demonstrate) that his constitutional rights were violated in any way. Defendants' evidence establishes that Plaintiff's Section 1983 claim fails. Thus, his Section 1985 claim also fails. *See*, *e.g.*, *Olsen*, 363 F.3d at 930. As noted above and in Defendants' moving papers, Defendants' undisputed facts establish that the Individual Defendants did not conspire to "*to deprive plaintiff of fair and unbiased consideration of his RFP proposal*."

Plaintiff now alleges "that defendants conspired by reaching at least a tacit agreement or 'meeting of the minds,' and taking some concerted action to deprive plaintiff of equal protection and retaliation (sic) against him for blowing the whistle on their malfeasance." Opposition at 25. Plaintiff, however, failed to cite to any facts to support this allegation. With respect to Plaintiff's new claim that the Individual Defendants conspired against "him for blowing the whistle on their malfeasance," this Court need not consider a new theory alleged for the first time in Plaintiff's opposition, as it was not alleged in Plaintiff's TAC. *See Coleman v. Quaker Oats Co.*, 232 F.3d at 1292–93; *Navajo Nation*, 535 F.3d at 1080. Even if the Court were to consider this new allegation, it does not help Plaintiff. As noted above, Plaintiff failed to produce any evidence that any Individual Defendant retaliated against Plaintiff based on his alleged "blowing the whistle on their malfeasance."

### D. The City Is Not Liable Under *Monell*.

In his fourth (denial of equal protection) and fifth (retaliation) causes of action, Plaintiff alleges that San Francisco is liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). TAC, ¶¶ 180–82, 188–89. Specifically, Plaintiff alleges that Defendants London Breed and Vallie Brown, as final decisionmakers, ratified the allegedly unconstitutional decisions of others. TAC, ¶¶ 180, 182, 188. Plaintiff also alleges that San Francisco's conduct was the result of a "custom and practice of treating immigrant and non-U.S.-born African Americans disparately, discriminatorily, and unfavorably." TAC, ¶¶ 181, 187.

In their moving papers, Defendants' undisputed facts establish that Plaintiff's *Monell* claim fails because his ratification and custom and practice theories fail. Plaintiff did not address any of Defendants' arguments related to his *Monell* claim. Importantly, Plaintiff abandoned his claim that Defendant Vallie Brown was a final decisionmaker. Moreover, Plaintiff abandoned his custom and practice theory. Thus, Plaintiff has waived these claims. *See*, *e.g.*, *Jackson*, 766 F.3d at 196.

Plaintiff contends that Defendant London Breed "personally and directly interred in the RFP process, including terminating it to try to steer control of the Center to her friends." Opposition at 25. As noted above, Defendants' undisputed facts establish this is not true. This allegation does not establish a ratification claim under *Monell*. Plaintiff's allegation that Ms. Breed "personally and directly interred in the RFP process" does not establish that Ms. Breed took that action as the final policymaking authority for the City with respect to the Fillmore Heritage Center RFP (let alone final policymaking authority for anything with respect to San Francisco). Plaintiff did not (and cannot) establish that Ms. Breed expressly approved of any decision related to the Fillmore Heritage Center RFP or the Fillmore Heritage Center in general. Thus, Plaintiff's ratification theory fails. *See Christie*, 176 F.3d at 1239.

Plaintiff's reliance on *Larez v. City of Los Angeles*, 946 F.2d 630, 647 (9th Cir. 1991) is misplaced. In *Larez*, the Ninth Circuit stated that a jury could find that a policymaker's failure to take remedial action could establish a policy or custom for *Monell* liability. As noted above, Plaintiff abandoned his policy or custom theory. Finally, Plaintiff misrepresents *Fuller v. City of Oakland*, 47

F.3d 1522, 1534 (9th Cir. 1995). *Fuller* does not hold that only a jury can a ratification theory under *Monell*, as Plaintiff claims.

### III. PLAINTIFF FAILED TO ESTABLISH A VIOLATION OF STATE LAW
#### A. Plaintiff's Section 526a Cause Of Action Fails As A Matter Of Law.

Plaintiff seeks an injunction under California Code of Civil Procedure section 526a, alleging that under San Francisco Administrative Code section 23.30, "[San Francisco] has a duty to collect funds due." TAC, ¶ 152. In granting Defendants' motion to dismiss Plaintiff's second amended complaint, the Court granted leave to amend the first cause of action "to allege a duty to collect unpaid rent" under San Francisco Administrative Code section 23.30. ECF No. 91 at 18.

As Defendants' undisputed facts establish, the City San Francisco has not entered into any lease or sublease for any portion of the Fillmore Heritage Center. McCloskey Decl. ¶ 20; Morales Decl., ¶ 15. Nor has San Francisco entered into any agreement of any kind for use of any portion of the Fillmore Heritage Center where the rent was established by the Director of Property of the Real Estate Division. McCloskey Decl. ¶ 20. Thus, Defendants have established that the City has not entered into any leases, subleases, or any agreement of any kind where "[t]he Director of Property shall determine the Market Rent of such Lease based on a review of available and relevant data," as required by San Francisco Administrative Code section 23.30. Because no such lease exists, the duty to collect rent under Section 23.30 that Plaintiff's cause of action relies upon does not exist. As this Court has previously held, in the absence of an independent duty to collect rent, Plaintiff's cause of action fails. *See* ECF No. 91 at 16-17.

Plaintiff contends that under Section 23.30 the Director of Property has the obligation to collect rent on any lease. Opposition at 14-15. Plaintiff is wrong. The express language of Section 23.30 makes clear that the Director of Property's obligation is limited to leases where the Director of Property has determined the market rent of such lease based on a review of available and relevant data. Moreover, Section 23.30 also makes clear it only covers lease for where the "land is not required for the purposes of [a] department" and "the Board of Supervisors, by resolution, [] authorizes the Lease of such Real Property." As Defendants' moving papers and undisputed facts establish, no such leases exist with respect to the Fillmore Heritage Center.

Plaintiff argues that "in October 2018, the City leased the Center to SFHDC and NCLF and not only failed to collect rent, but actually paid these groups $50,000 in taxpayer money to be there." Opposition at 16. This allegation does not support a claim under Section 526a. Plaintiff did not (and cannot) establish that under the "Revocable Permit To Enter And Use Leased Property" required any entity to pay rent as set forth in Section 23.30 or any other provision of law. Shiferaw Decl., ¶ 37, Exh. 40. Indeed, the purpose of the "Revocable Permit To Enter And Use Leased Property" was for non-profit organizations to provide services and benefits to the community, not for commercial enterprise. Accordingly, Defendants are entitled to summary judgment on Plaintiff's first cause of action.[4]

### B. Defendants' Undisputed Facts Establish That Plaintiff's Fraud, Misrepresentation, and Deceit Claim Fails.

#### 1. The City is not a proper defendant.

Plaintiff did not oppose Defendants' argument that the City is not a proper defendant for his third cause of action. Thus, Plaintiff abandoned this claim against the City. *See*, *e.g.*, *Jackson*, 766 F.3d at 196.

#### 2. The Individual Defendants Did Not Commit Fraud, Misrepresentation, or Deceit.

In his second cause of action, Plaintiff alleges that all Defendants committed acts of fraud, misrepresentation, and deceit under California Civil Code sections 1572, 1709, and 1710 by conducting a "sham" RFP process. TAC, ¶¶ 162-164. As Defendants' undisputed facts establish, the RFP process was not a "sham." Accordingly, Defendants have established that the RFP Process was a legitimate and sincere process to find the best operator for the Fillmore Heritage Center. Unfortunately, none of the proposals demonstrated the ability to satisfy the financial and community benefits requirements of the RFP.[5]

---

[4] Plaintiff also claims that the City "walked away" from several loans. Opposition at 15-16. These claims are irrelevant to Plaintiff's first cause of action, which this Court limited to "a duty to collect unpaid rent" under San Francisco Administrative Code section 23.30. ECF No. 91 at 18.

[5] Plaintiff attempt to re-litigation his due process claim, which this Court dismissed without leave to amend. ECF No. 64 at 10-12. Plaintiff argues that a public entity's discretion to reject all bids "cabined by due process." Opposition at 18, fn. 10. This Court rejected this exact argument and distinguished the cases cited by Plaintiff. ECF No. 64 at 10-12. Put simply, Plaintiff enjoyed neither a property right nor a liberty interest in the RFP process. ECF No. 64 at 10-12.

### 3. Plaintiff cannot seek monetary damages against the Individual Defendants.

Plaintiff asserts that Defendants are not immune under California Government Code section 822.2. Opposition at 16-17. Plaintiff fails to acknowledge that he cannot seek monetary damages against the City or the Individual Defendants, as this Court has already dismissed his claim for damages for his failure comply with the Government Claims Act. ECF No. 91 at 10.

### C. Defendants' Undisputed Facts Establish That Plaintiff's Conspiracy Claim Fails.

Civil conspiracy is not a stand-alone cause of action under California law; rather, it is a doctrine to impose liability for other misconduct. *See, e.g.*, *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1157 (N.D. Cal. 2019); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994). Thus, to properly establish a conspiracy, Plaintiff must show some underlying wrong that, even without a conspiracy, could give rise to a substantive cause of action (*e.g.*, conspiracy to commit a particular tort). *See Ommid v. Liberty Mut. Ins. Co.*, No. 3:18-CV-0486-L-WVG, 2018 WL 6191392, at *5 (S.D. Cal. Nov. 27, 2018) ("A civil conspiracy … does not [] give rise to a cause of action unless a civil wrong has been committed resulting in damage.").

As noted above, Defendants' evidence establishes that the RFP Process was legitimate and sincere, not a sham. As Defendants established in their moving papers and above, the undisputed facts establish that the RFP process was not a "sham." Defendants' undisputed facts establish that there was no underlying civil wrong in the RFP process. None of the allegations Plaintiff set forth on page 19 of his opposition undermine the Defendants' undisputed facts that the RFP process was a sincere and legitimate endeavor to find the best use of the Fillmore Heritage Center for the community. Accordingly, Plaintiff's conspiracy cause of action fails.

None of the allegations Plaintiff set forth on page 19 of his opposition undermine the Defendants' undisputed facts that the RFP process was a sincere and legitimate endeavor to find the best use of the Fillmore Heritage Center for the community.

### IV. THE COURT SHOULD STRIKE PLAINTIFF'S DECLARATIONS

The following statements in Mr. Shiferaw's and Mr. Rosenfeld's declaration are made on "information and belief," and, therefore, are inadmissible to oppose a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(4) ("declaration used to support or oppose a motion must be made on

1  personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or
2  declarant is competent to testify on the matters stated."); *see also Bank Melli Iran v. Pahlavi*, 58 F.3d
3  1406, 1412 (9th Cir. 1995) (Declarations made "on information and belief" are entitled to no weight
4  because the declarant did not have personal knowledge.)

5  Shiferaw declaration: ¶¶ 7 (lines 7-8, 10-11); 8 (lines 12-14); 15 (all lines); 16 (25-27); 17
6  (lines 6-9); 18 (lines 13-19, 20-27, 1-3); 19 (lines 6-9); 22 (lines 4-5, 9-10); 23 (lines 13-16); 32 (lines
7  10-14, 16-21); 33 (lines 24-27, 1-3); 34 (all lines); 37 (all lines); 39 (all lines); 40 (all lines); 42 (lines
8  4-11).

9  Rosenfeld declaration: ¶¶ 16 (lines 15-20); 17 (all lines); 21 (all lines)

## CONCLUSION

Defendants' undisputed facts establish that they are entitled to summary judgment on each of Plaintiff's claims. Accordingly, this Court should grant summary judgment in favor of Defendants.

Dated: May 5, 2021

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
THOMAS S. LAKRITZ
RYAN C. STEVENS
Deputy City Attorneys

By: */s/ Thomas S. Lakritz*
THOMAS S. LAKRITZ

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
LONDON BREED, AMOS BROWN,
JOAQUIN TORRES, VALLIE BROWN